ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 9, 2004

The Honorable Mary Denny
Chair, Committee on Elections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0213

Re: Proper procedure, under article III, section 24a of the Texas Constitution, for the Speaker of the House of Representatives to nominate individuals to serve as members of the Texas Ethics Commission   (RQ-0194-GA)

Dear Representative Denny:

You ask about the proper procedure, under article III, section 24a of the Texas Constitution, for the Speaker of the House of Representatives to nominate individuals to serve as members of the Texas Ethics Commission (the "Commission").[1]

Article III, section 24a provides, in relevant part:

(a) The Texas Ethics Commission is a state agency consisting of the following eight members:

(1) two members of different political parties appointed by the governor from a list of at least 10 names submitted by the members of the house of representatives from each political party required by law to hold a primary;

(2) two members of different political parties appointed by the governor from a list of at least 10 names submitted by the members of the senate from each political party required by law to hold a primary;

---

[1]Letter from Honorable Mary Denny, Chair, House Committee on Elections, to Honorable Greg Abbott, Texas Attorney General (Mar. 5, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Letters from Honorable Mary Denny, Chair, Committee on Elections, to Honorable Greg Abbott, Texas Attorney General (June 25, 2004 and July 7, 2004).

> > (3) *two members of different political parties appointed by the speaker of the house of representatives from a list of at least 10 names submitted by the members of the house from each political party required by law to hold a primary*; and

> > (4) two members of different political parties appointed by the lieutenant governor from a list of at least 10 names submitted by the members of the senate from each political party required by law to hold a primary.

TEX. CONST. art. III, § 24a(a)(1-4) (emphasis added).  You are here concerned about subsection (a)(3) regarding appointments by the Speaker of the House of Representatives, and particularly its application with respect to the most recent appointment of a Republican to the Commission by former Speaker James E. "Pete" Laney.  Request Letter, *supra* note 1, at 1.

In construing a constitutional provision, the duty of a court, and the practice of this office, is to ascertain and give effect to the plain intent and language of the framers of the provision and the people who adopted it.  *Gragg v. Cayuga Ind. Sch. Dist.*, 539 S.W.2d 861, 866 (Tex. 1976).  In construing article III, section 24a, "we give effect to its plain language. . . .  We presume the language of the Constitution was carefully selected, and we interpret words as they are generally understood."  *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex. 1995); *see also Armbrister v. Morales*, 943 S.W.2d 202, 205 (Tex. App.–Austin 1997, no writ) (court gives words of constitution "their natural, obvious, and ordinary meanings as they are understood by the citizens who adopted them").

The requirement set forth in subsection (a)(3) of article III, section 24a – that the members of the Commission selected by the Speaker be equally divided between the political parties required by law to hold a primary – evidences the clear intent of both the legislators who proposed, and the voters who adopted, that provision to establish a bipartisan commission.  Only an equally divided Commission is able to demonstrate the appearance of political balance necessary to avoid its being used as a tool by one party or the other.  The composition of the Commission established by article III, section 24a is obviously meant to ensure political neutrality in such a way as to buttress the integrity of the Commission and its decision-making process and therefore to help assure the confidence of the public.

Thus, bipartisanship is written into the very fabric of the Commission.  The plain language of article III, section 24a requires that membership be divided equally between Republicans and Democrats.  As applied to appointments made by the Speaker of the House, the intent of the legislature and the voters in adopting this constitutional provision is fulfilled by giving effect to the provision's final clause, which states that the Speaker shall make his appointments "from a list of

at least ten names submitted by the members of the House from each political party required by law to hold a primary." TEX. CONST. art. III, § 24a(a)(3).

Subsection (a)(3) of article III, section 24a plainly directs that the Republican members submit for consideration to the Speaker at least ten names and that the Democratic members do likewise, for the appointment of a member of their respective political parties. To construe this provision to permit the Speaker to make his Republican appointment from names submitted by *any* House member, rather than from only *Republican* House members, would effectively vitiate the provision's last clause, which requires the Speaker to make his appointments from "*a list of at least ten names submitted by members of the House from each political party.*" TEX. CONST. art. III, § 24a(a)(3) (emphasis added). By contrast, to require that the Speaker select his Republican appointee only from names submitted by Republican House members accomplishes the intent of the legislature in proposing the amendment, and the intent of the voters in adopting it: to create a Commission that achieves political balance, one that effectuates a genuine bipartisanship.

You also ask whether additional language may be appended to subsection (a)(3), so that it would read as follows:

> two members of different political parties appointed by the speaker of the house of representatives from a list of at least 10 names submitted by the members of the house from each political party required by law to hold a primary, "*acting together in some form, whether by formal caucus vote or through some sort of joint action.*"

Request Letter, *supra* note 1, at 2 (emphasis added). The Supreme Court of Texas has held that the rules of statutory construction may be used in the interpretation of constitutional provisions. *See Booth v. Strippleman*, 61 Tex. 378 (1884). In *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864 (Tex. 1999), the Texas Supreme Court said that a court "*may add words into a statutory provision only when necessary to give effect to clear legislative intent. . . . Only truly extraordinary circumstances showing unmistakable legislative intent should divert us from enforcing the statute as written.*" *Id.* at 867 (emphasis added).

The quoted italicized language does not appear in the Texas Constitution. To require that a list be submitted in such a manner that members of a party "act together in some form, whether by formal caucus vote or through some sort of joint action" would require this office, or the courts, to rewrite the Texas Constitution by adding language that does not appear there. This we may not do. Similarly, we can find nothing in the constitution, the legislative history proposing the referenced amendment, or elsewhere, supporting the conclusion that the intent of section 24a was to require that the names be submitted through some kind of "joint action" by members of a party. To find otherwise could be construed as an unconstitutional infringement on a right specifically granted to a member of the House by the Texas Constitution.

As an example of why a "formal caucus" may not be inferred from the constitutional language, we note that the term "legislative caucus" is referred to throughout the Election Code, and,

in one section, it is specifically defined.[2]  Consequently, the lack of reference in subsection (a)(3) to a "legislative caucus" precludes our construing the constitutional language to limit the Speaker to appointing a nominee from a list of names submitted by a legislative caucus.

As to the issue of whether former Speaker Laney correctly followed a nominating procedure that comports with article III, section 24a, that matter appears to be in dispute. *Compare* Brief from Honorable Kenny Marchant, Chair, Committee on State Affairs, Texas House of Representatives, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Apr. 15, 2004) (on file with Opinion Committee), *with* Brief from Honorable James E. "Pete" Laney, Texas State Representative, to Honorable Greg Abbott, Texas Attorney General (Apr. 16, 2004) (on file with Opinion Committee).  This office is not authorized to adjudicate factual disputes. *See, e.g.,* Tex. Att'y Gen. Op. Nos. GA-0186 (2004) at 5 (stating that this office does not resolve questions of fact); JC-0020 (1999) at 2 (factual disputes may not be resolved in the opinion process); M-187 (1968) at 3 (attorney general is unable to make factual determinations); WW-277 (1957) at 6 (attorney general does not pass upon questions of fact).  What is abundantly clear, however, is that any appointment by the Speaker to the Commission that does not comport with the constitutional requirements set forth in article III, section 24a is invalid.

---

[2]"In this section, 'legislative caucus' means an organization that is composed exclusively of members of the legislature, that elects or appoints officers and recognizes identified legislators as members of the organization, and that exists for research and other support of policy development and interests that the membership hold in common. The term includes an entity established by or for a legislative caucus to conduct research, education, or any other caucus activity. An organization whose only nonlegislator members are the lieutenant governor or the governor remains a 'legislative caucus' for purposes of this section." TEX. ELEC. CODE ANN. § 253.0341(e) (Vernon Supp. 2004).

## S U M M A R Y

Subsection (a)(3), article III, section 24a of the Texas Constitution requires that the Speaker of the House of Representatives appoint a Republican to the Texas Ethics Commission from a list of at least ten names submitted by Republican members of the House; and that he appoint a Democrat from a list of at least ten names submitted by Democratic members of the House. Nothing in article III, section 24a requires that the names be submitted by formal caucus or through any other sort of joint action of a political party. Rather, the Texas Constitution accords to individual *members* the right to submit to the Speaker the names of suggested appointees.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee